CURTIS, APPELLEE, *v.* BOARD OF REVIEW, OHIO BUREAU OF EMPLOYMENT SERVICES ET AL., APPELLANTS.

(No. C-820999—Decided November 16, 1983.)

*Mr. Ingolf R. Dinklage,* for appellee.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Richard R. Szilagyi,* for appellants.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The instant appeal is taken from the judgment of the court of common pleas overturning an administrative order pursuant to which the Board of Review of the Ohio Bureau of Employment Services denied a continuing claim for unemployment compensation benefits. In the only assignment of error given to us for review, the issue is whether the claimant's voluntary separation from service in the United States Air Force upon completion of his tour of active duty rendered him ineligible for benefits under the Omnibus Budget Reconciliation Act, Section 8521(a)(1)(B), Title 5, U.S. Code, as it was amended effective August 13, 1981 (Pub. L. No. 97-35, Section 2405[a] ).

Pursuant to the relevant amendment contained in the Act, an individual serving in the armed forces was entitled to participate in a state unemployment compensation fund upon the completion of service if the following criteria were met:

"(B)   with respect to that service, the individual —

"(i) was discharged or released under honorable conditions;

"(ii) did not resign or voluntarily leave the service; and

"(iii)   was not released or discharged for cause as defined by the Department of Defense;"

It was further specified that the eligibility criteria were to be applied "with respect to terminations of service on or after July 1, 1981, but only in the case of weeks of unemployment beginning after the date of enactment of this Act." Pub. L. No. 97-35, Section 2405(b) (transitional section).

The record demonstrates that the claimant, Eddie Curtis, served as an officer in the Air Force from April 1975 to July 1, 1981, when he elected not to renew his commission and received a certificate of release from active duty. The certificate characterized his performance in the military as honorable and further stated that he was being voluntarily released upon completion of his "active duty service commitments."

Approximately one week after his separation from active service, Curtis filed an application for a determination of benefits rights for the week ending July 11, 1981. Although the initial claim was ultimately recognized in proceedings before the Board of Review of the Ohio Bureau of Employment Services, the board, acting pursuant to the continuing jurisdiction conferred under R.C. 4141.28(B)(2),[1] concluded that the right to

_____

[1] The Ohio statute provides, in relevant part, that "[t]he administrator or his deputy

receive benefits did not extend to those weeks following August 13, 1981, the date upon which the Omnibus Budget Reconciliation Act took effect. The Act precluded the recognition of a continuing claim, the board reasoned, because Curtis voluntarily resigned from service on July 1, 1981, thereby making him ineligible for benefits under Section 8521(a)(1)(B)(ii), Title 5, U.S. Code.

That part of the board's order denying the continuing claim for benefits after August 13, 1981 was appealed to the court of common pleas pursuant to R.C. 4141.28(O). Confining its review in accordance with the statutory mandate to the administrative record as it was certified by the board, the court found, in the order that is now the subject of this appeal, that the board's decision was unlawful, and that Curtis was entitled to benefits for those weeks after August 13, 1981, notwithstanding the eligibility criteria of Section 8521(a)(1)(B) in its amended form. No supporting rationale was offered to explain the holding other than a general statement that Curtis' military service qualified "as Federal Service for the purpose of determining eligibility for unemployment compensation."[2]

From our review of the record, it is clear to us that Curtis did not meet the eligibility standard set forth in Section 8521(a)(1)(B)(ii), in view of the uncontroverted evidence demonstrating that he voluntarily resigned from the service by electing not to renew his officer's commission. For this reason, we are convinced that the board's denial of his continuing claim for benefits could have been found unlawful on appeal to the court of common pleas only if the eligibility standard was improperly applied to Curtis under Pub. L. No. 97-35, Section 2405(b).

As we read the statute, the mandate for application of the eligibility criteria is plain and unambiguous. Where, as here, the separation from service occurred on or after July 1, 1981, and benefits were sought pursuant to a continuing claim for those weeks after August 13, 1981, the only reasonable and logical conclusion to be derived from the language contained in Pub. L. No. 97-35, Section 2405(b), is that the claimant was subject to the eligibility criteria set forth in the amended statute for those weeks following the effective date of the amendment, even though the term of unemployment began at a prior time. We must conclude, therefore, that the board's denial of Curtis' continuing claim was consistent with law and should have withstood challenge in the proceedings before the court below. The assignment of error is, accordingly, well-taken.

The judgment of the court of common pleas is reversed, and the order of the Board of Review denying the continuing claim for benefits is hereby reinstated.

*Judgment reversed.*

SHANNON, P.J., KEEFE and DOAN, JJ., concur.

---

shall also examine each continued claim for benefits filed, and on the basis of any facts found by him shall determine whether such claim shall be allowed."

[2] Prior to the amendment of the federal statute, a voluntary separation from service did not render an individual ineligible for unemployment compensation benefits from a state fund.